Jennifer Sun (State Bar No. 238942)
jennifersun@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH WEINSTEIN, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERIVCES LLC, a business entity; EXPERIAN INFORMATION SOLUTIONS, INC., is a Corporation; FIDELITY CAPITAL HOLDINGS, INC., is a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:17-cv-08704 DSF (JEMx)<br><br>Hon. John E. McDermott<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>[DISCOVERY MATTER]<br><br>Complaint filed: December 1, 2017 |

IT IS HEREBY STIPULATED by and between Plaintiff Hannah Weinstein ("Plaintiff"), and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

## GOOD CAUSE STATEMENT

WHEREAS, Fed. R. Civ. P. 26(c)(1) requires a showing of good cause for the entry of a protective order by the Court to prevent public disclosure of material such as trade secrets or other confidential research, development, or commercial information;

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Experian (including, but not limited to, codes, computer systems, software and processes used for credit reporting, and information derived therefrom); and/or sealed court records, personal income, credit, and other confidential information of Plaintiff;

WHEREAS, an order of this Court is necessary to protect the parties from annoyance, embarrassment, oppression, or undue burden or expense related to the disclosure of confidential, proprietary or private information of the parties for purposes other than prosecuting and defending this litigation; and

WHEREAS, this Order does not confer blanket protection on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific documents and material entitled to confidential treatment under applicable legal principles.

## **STIPULATED PROTECTIVE ORDER**

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information

subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rule 79-5.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts

specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local Rule 37-1. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: July 24, 2018          LAW OFFICES OF ROBERT F. BRENNAN A P.C.


By: /s/ Robert F. Brennan
Robert F. Brennan

Attorneys for Plaintiff
HANNAH WEINSTEIN


Dated: July 24, 2018          JONES DAY


By: /s/ Jennifer Sun
Jennifer Sun

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

**Signature Certification**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that all other signatories listed above, on whose behalf this filing is submitted, concur with the contents of this filing and have authorized the filing.

/s/ *Jennifer Sun*
Jennifer Sun

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 7/24/2018

HON. JOHN E. MCDERMOTT
United States Magistrate Judge

# EXHIBIT A

# DECLARATION OF COMPLIANCE

*Hannah Weinstein v. Equifax Information Services LLC, et al.*
United States District Court, Central District of California
Case No. Case No. 2:17-cv-08704 DSF (JEMx)

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 2018.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2018, at _____.

_____
QUALIFIED PERSON

# CERTIFICATE OF SERVICE

I, Jennifer Sun, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On July 24, 2018, I served a copy of the **[PROPOSED] STIPULATED PROTECTIVE ORDER** by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

- **Robert F. Brennan**
  rbrennan@brennanlaw.com, aarellano@brennanlaw.com, nmendoza@brennanlaw.com, sjones@brennanlaw.com, rbichler@brennanlaw.com

- **Matthew F. Kennedy**
  matthewfkenn@gmail.com

Executed on July 24, 2018, at Irvine, California.

/s/ Jennifer Sun
Jennifer Sun