Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Avenue, Suite D
Montrose, CA 91020
Tel.: (818) 249-5291
Fax: (818) 249-4329
Email: rbrennan@brennanlaw.com

Attorney for Plaintiff
HANNAH WEINSTEIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH WEINSTEIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERIVCES LLC, a business entity; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; FIDELITY CAPITAL HOLDINGS, INC., a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:17-cv-08704-DSF-JEM<br>Hon. Dale S. Fischer<br><br>**PLAINTIFF'S OPPOSITION TO COURT'S OSC RE SANCTIONS; DECLARATION OF ROBERT F. BRENNAN; EXHIBITS**<br><br>Hearing Date: April 22, 2019<br>Time: 1:30 p.m.<br>Ctrm: 7D |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's counsel has not violated the court's Standing Order on filing of confidential documents. The timeline of events, below, explains this.

Plaintiff made clear to Experian that she disagreed with the designation of the Experian policy manual as a confidential document, all the way back in October and November of 2018. (Exs. A, B and C from Jennifer Sun declaration, filed with Court Document 59-1). The only allegedly confidential documents which plaintiff filed were two pages from the Experian policy manual and deposition testimony concerning those two pages. Plaintiff did not file Experian's other confidential documents, as these were not relevant to plaintiff's oppositions.

This court's Standing Order in this case states:

> "If a party [in this instance, Plaintiff Weinstein] wishes to file a document that has been designated confidential by another party [Experian], the submitting party [Weinstein] must give any designating party **five calendar days notice** of intent to file. If the designating party objects, it should notify the submitting party and file an application to file documents under seal **within two court days**."

Doc. 16, Standing Order, ¶ 6, page 6:8-12 (bold added).

**Relevant Timeline**

The emails from March 20, 2019 to April 5, 2019 (attached as exhibits 1 through 9) show that Experian's application was filed beyond the deadline set in the Standing Order, ¶ 6. Experian filed its motion for summary judgment on March 18, 2019. (Doc. 46.) Two days later, Mr. Brennan's March 20, 2019 email immediately addressed the issue of the documents Experian had

designated as confidential that Plaintiff would need to file with its opposition. Ex. 1. Mr. Brennan's March 20 email constituted formal five-days' notice, referencing Local Rule 79-5 (governing the sealing of documents), and Experian's application was due on March 25.[1]

Mr. Brennan's March 20 email began the clock running on the deadline set in Standing Order, ¶ 6 – Plaintiff giving "five calendar days notice of intent to file" and Experian's requirement to file its application within "two court days" thereafter. This would have made the application due by March 29, 2019. Ms. Sun **waited five days**, until the afternoon of March 25, 2019 to respond. She questioned the materiality of the documents and asked for more specificity. (Ex. 2)

Mr. Brennan responded the next day, on March 26, 2019, providing specific parts to the Hoover and Melio deposition that would be filed with the Plaintiff's summary judgment opposition. He requested from Ms. Sun the pages of the Methvin deposition that Experian claimed were confidential. (Ex. 3)

On March 28, Mr. Brennan followed up with the pages from the Methvin deposition which he might use in plaintiff's summary judgment opposition. Ex. 4.

Ms. Sun then delayed until Thursday, April 4, 2019, at 4:58 p.m., to respond. Ex. 5. She offered no credible excuses for the long delay. It was apparent she was delaying the matter to put pressure on Plaintiff based on Plaintiffs' filing deadline for the summary judgment opposition two court days' later – Monday, April 8, 2019.

On Friday, April 5, 2019, at 12:16 p.m., Mr. Brennan sent an email to Ms. Sun reminding her of the Standing Order time requirements and that her

---

[1] In his March 20 email, Mr. Brennan offers to work out a briefing schedule for the sealing motion with Experian, but Experian never took up this offer.

PLAINTIFF'S OPPOSITION TO COURT'S OSC RE SANCTIONS

1  deadline (by generous standards—assuming the clock ran from the March 28
2  email and not the earlier March 20 email) was April 2, 2019. Mr. Brennan
3  indicated that Plaintiff may be filing the opposition that day, April 5th, or on
4  Monday, April 8, without any sealed documents. Ex. 6.
5       Ms. Sun replied shortly thereafter indicating she expected more time to
6  meet and confer. Ex. 7. Mr. Brennan followed with a second, lengthy email on
7  April 5, at 2:53 p.m., setting forth in detail Plaintiff's position that Experian
8  had not acted with diligence in filing an application to seal. Ms. Sun responded
9  at 3:20 p.m., essentially saying that Plaintiff's counsel should work over the
10 weekend and wait until the due date of Monday, April 8, to file. This made
11 little sense since there was no sealing order in place, and Plaintiff could not be
12 expected to file redacted papers on April 8, because plaintiff would be filing
13 her opposition without critical supporting evidence. Ex. 8.
14      Mr. Brennan responded at 3:30 p.m., stating that he had to file on
15 Friday, April 5, because his paralegal, who handles the filings in this case, was
16 in the midst of a family emergency. She made arrangements to be available on
17 Friday so she could be free, if necessary, on Monday to be with her family.
18 Ex. 9.
19      Brennan's March 20 email advised Ms. Sun which "confidential"
20 documents plaintiff would need for her opposition. With these emails,
21 Experian's sealing application was due on March 25. Indulging Experian that
22 Mr. Brennan's follow-up emails somehow extended Experian's deadline, then
23 the last possible day to file the application was April 2, based on the court's
24 Standing Order, para. 6. Yet, Experian delayed until 11:30 p.m. (30 minutes
25 before midnight) on April 5 – *three full days* after the absolute last day
26 deadline for filing its sealing application. Document nos. 59 and 60.
27      Experian filed its application to seal at 11:30 p.m. on the court day
28 before Plaintiff's summary judgment opposition was due. The actual intention

3

of the timing of Experian's filing was to disrupt or make impossible plaintiff filing her oppositions—with no sealing order in place, plaintiff probably would have to file her oppositions without critical evidence, or Experian would cry foul.

Experian provided plaintiff with *no notice, no warning whatsoever* that it would be filing its application to seal close to midnight on April 5. When Mr. Brennan emailed Experian's counsel that he would be filing the opposition on April 5, then Experian suddenly claimed that it wanted to further meet and confer and was preparing redacted documents for plaintiff's filing. (Exs. 6 and 7--email exchange between Brennan and Sun of April 5, 2019) How Experian's 11th-hour gesture would have helped plaintiff, no one knows—plaintiff still had to file evidentiary exhibits to support her opposition, and the redacted documents would lack the necessary evidence.

If Experian actually believed the information should be sealed, it would have acted diligently to file its application immediately, rather than "playing a game of chicken" and brinksmanship to put pressure on Plaintiff at the last possible moment while Plaintiff was preparing the summary judgment opposition papers for filing. There is no reason Experian could not have acted diligently and filed its application sooner, within the time frame provided in the court's Standing Order.

**Plaintiff Did Not Need to Challenge Experian's Confidentiality Designation with the Magistrate Judge Before Filing Her Summary Judgment Oppositions**

The Court's April 10, 2019 Order to Show Cause advises that Plaintiff's counsel must explain why he did not challenge Experian's confidential designations pursuant to the Protective Order signed by Magistrate Judge McDermott. Plaintiff's counsel responds that the court's Standing Order provided a mechanism for Experian to secure a sealing order for its documents,

which plaintiff could have then followed to file its opposition under seal. Experian did not follow that procedure, and has provided this court with no explanation whatsoever for its failure.

Even if plaintiff had filed a motion challenging the confidential designation with Magistrate Judge McDermott, and even if Experian had won that motion, Experian still would have had to file an application to seal pursuant to the Court's Standing Order. Plaintiff has no mechanism to obtain a sealing order for Experian documents—no access to Experian witnesses to make the necessary showing of good cause, no ability to file documents on Experian's behalf.

Plaintiff's counsel gave Experian's counsel repeated notices that it would be filing Experian's allegedly confidential documents with plaintiff's opposition. Plaintiff's counsel's notices were all well within the time limits specified by the court's Standing Order for summary judgment motions.

Plaintiff's counsel assumed that Experian would likewise follow the Standing Order and move for a sealing order for plaintiff's exhibits. As detailed above, Experian failed to do so within the time specified in the Standing Order.

Had Experian moved for a sealing order pursuant to the Court's Standing Order, plaintiff's counsel would have had a mechanism for sealing the exhibits, and would have followed it.

**Experian's Application Constitutes Gamesmanship.** Experian's timing of the application was calculated to make more difficult, if not impossible, the filing of Plaintiff's summary judgment opposition papers. The obvious purpose of Experian's application was to interfere with the filing of Plaintiff's opposition papers, not because the documents in question meet the tests for the sealing of documents.

**Plaintiff's Counsel Has Kept Experian's Confidential Documents Private Out of Professional Courtesy and Because of a Long-Standing Professional Relationship with Experian's In-House Counsel Abril Turner:** Mr. Brennan makes the following statement in the fourth paragraph of Ex. 6, Mr. Brennan's April 5 email to Ms. Sun:

> "I have a long and professional history with Abril Turner. As a courtesy to her, I will do nothing to make the documents or deposition excerpts more public (no posting on the internet, no sharing with other attorneys) until resolution of your motion to seal. If you file a motion to seal, as mentioned, I will be filing an opposition."

Mr. Brennan has observed the promise he made to Experian's counsel. While Mr. Brennan disagrees that the documents deserve confidential status, he has observed his promise and has not shared them with anyone who has not signed Experian's confidentiality clause—last page of Experian's protective order.

Dated: April 16, 2019

        **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

        By: */s/ Robert F. Brennan*
           Robert F. Brennan
           Attorney for Plaintiff
           HANNAH WEINSTEIN

## DECLARATION OF ROBERT F. BRENNAN

I, Robert F. Brennan, declare:

1. I am attorney for Plaintiff Hannah Weinstein in this case, and if called upon to testify to the matters set forth in this declaration, I could do so truthfully and competently from personal knowledge.

2. **Exhibits:** all exhibits are true copies of emails exchanged between Jennifer Sun, Esq. and me between March 20, 2019 and April 5, 2019.

3. **Exhibit 1**: email dated March 20, from Brennan to Sun. **Ex. 2:** email dated March 25, from Sun to Brennan. **Ex. 3:** email dated March 26 from Brennan to Sun. **Ex. 4:** email dated March 28 from Brennan to Sun. **Ex. 5:** email from Sun to Brennan dated April 4. **Ex. 6:** email dated April 5 from Brennan to Sun. **Ex. 7:** Email dated April 5 from Sun to Brennan. **Ex. 8:** two-page email from Brennan to Sun dated April 5. **Ex. 9:** Email from Brennan to Sun dated April 5.

**Relevant Timeline**

4. The emails from March 20, 2019 to April 5, 2019 (attached as exhibits 1 through 9) show that Experian's application was filed beyond the deadline set in the Standing Order, ¶ 6. Experian filed its motion for summary judgment on March 18, 2019. (Doc. 46.) Two days later, my March 20, 2019 email immediately addressed the issue of the documents Experian had designated as confidential that Plaintiff would need to file with its opposition. Ex. 1. My March 20 email constituted formal five-days' notice, referencing Local Rule 79-5 (governing the sealing of documents), and Experian's application was due on March 25.

5. My March 20 email began the clock running on the deadline set in Standing Order, ¶ 6 – Plaintiff giving "five calendar days notice of intent to file" and Experian's requirement to file its application within "two court days" thereafter. This would have made the application due by March 29, 2019. Ms.

7

Sun **waited five days**, until the afternoon of March 25, 2019 to respond. She questioned the materiality of the documents and asked for more specificity. (Ex. 2)

6. I responded the next day, on March 26, 2019, providing specific parts to the Hoover and Melio deposition that would be filed with the Plaintiff's summary judgment opposition. I requested from Ms. Sun the pages of the Methvin deposition that Experian claimed were confidential. (Ex. 3)

5. On March 28, I followed up with the pages from the Methvin deposition which he might use in plaintiff's summary judgment opposition. Ex. 4.

6. Ms. Sun then delayed until Thursday, April 4, 2019, at 4:58 p.m., to respond. Ex. 5. She offered no credible excuses for the long delay. It was apparent she was delaying the matter to put pressure on Plaintiff based on Plaintiffs' filing deadline for the summary judgment opposition two court days' later – Monday, April 8, 2019.

7. On Friday, April 5, 2019, at 12:16 p.m., I sent an email to Ms. Sun reminding her of the Standing Order time requirements and that her deadline (by generous standards—assuming the clock ran from the March 28 email and not the earlier March 20 email) was April 2, 2019. I indicated that Plaintiff may be filing the opposition that day, April 5th, or on Monday, April 8, without any sealed documents. Ex. 6.

8. Ms. Sun replied shortly thereafter indicating she expected more time to meet and confer. Ex. 7. I followed with a second, lengthy email on April 5, at 2:53 p.m., setting forth in detail Plaintiff's position that Experian had not acted with diligence in filing an application to seal. Ms. Sun responded at 3:20 p.m., essentially saying that I should work over the weekend and wait until the due date of Monday, April 8, to file. This made little sense since there was no sealing order in place, and Plaintiff could not be expected to file redacted

1 papers on April 8, because plaintiff would be filing her opposition without
2 critical supporting evidence. Ex. 8.

3     9. I responded at 3:30 p.m., stating that I had to file on Friday, April 5,
4 because my paralegal, who handles the filings in this case, was in the midst of
5 a family emergency. She made arrangements to be available on Friday so she
6 could be free, if necessary, on Monday to be with her family. Ex. 9.

7     10. My March 20 email advised Ms. Sun which "confidential"
8 documents plaintiff would need for her opposition. With these emails,
9 Experian's sealing application was due on March 25. Indulging Experian that
10 my follow-up emails somehow extended Experian's deadline, then the last
11 possible day to file the application was April 2, based on the court's Standing
12 Order, para. 6. Yet, Experian delayed until 11:30 p.m. (30 minutes before
13 midnight) on April 5 – *three full days* after the absolute last day deadline for
14 filing its sealing application. Document nos. 59 and 60.

15     11. Experian filed its application to seal at 11:30 p.m. on the court day
16 before Plaintiff's summary judgment opposition was due. The actual intention
17 of the timing of Experian's filing was to disrupt or make impossible plaintiff
18 filing her oppositions—with no sealing order in place, plaintiff probably would
19 have to file her oppositions without critical evidence, or Experian would cry
20 foul.

21     12. Experian provided plaintiff with *no notice, no warning whatsoever*
22 that it would be filing its application to seal close to midnight on April 5.
23 When I emailed Experian's counsel that I would be filing the opposition on
24 April 5, then Experian suddenly claimed that it wanted to further meet and
25 confer and was preparing redacted documents for plaintiff's filing. (Exs. 6 and
26 7--email exchange between Sun and me of April 5, 2019) How Experian's
27 11th-hour gesture would have helped plaintiff, no one knows—plaintiff still had
28

9

to file evidentiary exhibits to support her opposition, and the redacted documents would lack the necessary evidence.

13. If Experian actually believed the information should be sealed, it would have acted diligently to file its application immediately, rather than "playing a game of chicken" and brinksmanship to put pressure on Plaintiff at the last possible moment while Plaintiff was preparing the summary judgment opposition papers for filing. There is no reason Experian could not have acted diligently and filed its application sooner, within the time frame provided in the court's Standing Order.

**Plaintiff Did Not Need to Challenge Experian's Confidentiality Designation with the Magistrate Judge Before Filing Her Summary Judgment Oppositions**

14. The Court's April 10, 2019 Order to Show Cause advises that I must explain why I did not challenge Experian's confidential designations pursuant to the Protective Order signed by Magistrate Judge McDermott. I respond that the court's Standing Order provided a mechanism for Experian to secure a sealing order for its documents, which plaintiff could have then followed to file its opposition under seal. Experian did not follow that procedure, and has provided this court with no explanation whatsoever for its failure.

15. Even if plaintiff had filed a motion challenging the confidential designation with Magistrate Judge McDermott, and even if Experian had won that motion, Experian still would have had to file an application to seal pursuant to the Court's Standing Order. Plaintiff has no mechanism to obtain a sealing order for Experian documents—no access to Experian witnesses to make the necessary showing of good cause, no ability to file documents on Experian's behalf.

16. I gave Experian's counsel repeated notices that plaintiff would be filing Experian's allegedly confidential documents with plaintiff's opposition.

My notices were all well within the time limits specified by the court's Standing Order for summary judgment motions.

17. I assumed that Experian would likewise follow the Standing Order and move for a sealing order for plaintiff's exhibits. As detailed above, Experian failed to do so within the time specified in the Standing Order.

18. Had Experian moved for a sealing order pursuant to the Court's Standing Order, I would have had a mechanism for sealing the exhibits, and would have followed it.

19. **Experian's Application Constitutes Gamesmanship.** Experian's timing of the application was calculated to make more difficult, if not impossible, the filing of Plaintiff's summary judgment opposition papers. The obvious purpose of Experian's application was to interfere with the filing of Plaintiff's opposition papers, not because the documents in question meet the tests for the sealing of documents.

20. **I Have Kept Experian's Confidential Documents Private Out of Professional Courtesy and Because of a Long-Standing Professional Relationship with Experian's In-House Counsel Abril Turner:** I make the following statement in the fourth paragraph of Ex. 6, my April 5 email to Ms. Sun:

> "I have a long and professional history with Abril Turner. As a courtesy to her, I will do nothing to make the documents or deposition excerpts more public (no posting on the internet, no sharing with other attorneys) until resolution of your motion to seal. If you file a motion to seal, as mentioned, I will be filing an opposition."

I have observed the promise I made to Experian's counsel. While I disagree that the documents deserve confidential status, I have observed my promise and have

not shared them with anyone who has not signed Experian's confidentiality clause—last page of Experian's protective order.

Executed this 16th day of April, 2019 at Montrose, California. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

*/s/ Robert F. Brennan*

Robert F. Brennan