# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH WEINSTEIN,<br>    Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br>    Defendants. | CV 17-8704 DSF (JEMx)<br><br>Order DENYING Experian Information Solutions, Inc.'s Motion for Summary Judgment; Order DENYING Fidelity Capital Holdings, Inc.'s Motion for Summary Judgment (Dkt. Nos. 45, 46) |

    Plaintiff Hannah Weinstein alleges that Defendants Experian Information Solutions Inc. and Fidelity Capital Holdings, Inc. violated the Fair Credit Reporting Act and the California Consumer Credit Reporting Agencies Act[1] in their handling of a purported debt. Both Defendants now move for summary judgment.

    Plaintiff was a tenant in a building owned by Marmion Partners, LLC. During a dispute with the landlord, numerous tenants, including Plaintiff, began to withhold rent. In November 2016, Marmion Partners began unlawful detainer proceedings against Plaintiff and the other rent-withholding tenants. During the proceedings, Marmion Partners moved to consolidate the

---

[1] The motions seek judgment as to the entire case, but the parties do not discuss the CCRAA. Presumably, they believe the FCRA arguments apply with equal force to the CCRAA claim.

pending unlawful detainer actions. All of the tenants shared a common lawyer who attempted to obtain a waiver of monetary damages in exchange for agreeing to consolidate the cases. It is unclear what happened next. The tenants' lawyer claims that a stipulation was reached. Plaintiff testified in her deposition that the unlawful detainer judge ordered a waiver of monetary damages over the objection of Marmion Partners. Contrary to Experian's assertion, Marmion Partners' attorney's declaration is silent on what happened at the consolidation hearing. See Endler Decl. ¶¶ 4-5.[2] The December 30, 2016 consolidation order from the unlawful detainer court notes that the "parties stipulate that rent and holdover damages are waived in all 19 cases." Eventually, the unlawful detainer cases were dismissed, as the tenants voluntarily gave up possession of the units. Most of the tenants signed separate stipulations to waive back rent, but Plaintiff did not.

In March 2017, Defendant Fidelity, acting on behalf of "5800 – 5820 Marmion Way; C/O Moss & Co."[3] sent Plaintiff a collection letter for back rent and other costs in the amount of $9,320.74. Fidelity also reported the purported debt to the credit reporting agencies, including Defendant Experian. Plaintiff contested the debt on the basis of the unlawful detainer court's order, but, after reinvestigation, neither Fidelity nor Experian agreed to remove the debt from Plaintiff's credit report.

Fidelity, as a furnisher of credit information, is required to conduct an investigation of disputed credit information after receiving notice of a dispute from a credit reporting agency. If any

---

[2] Defendants, particularly Fidelity, seek to shift the discussion to Plaintiff's failure to sign a stipulation at the end of the unlawful detainer suit, but such a stipulation was never the basis for Plaintiff's arguments.

[3] Moss & Co. apparently managed the property for Marmion Partners.

information is inaccurate, incomplete, or unverifiable, the furnisher is required to "modify that item of information."  15 U.S.C. § 1681s-2(b)(E)(i).  Experian, as a credit reporting agency, was required, after notice of a dispute, to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  It is also required to maintain "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C.A. § 1681e(b).

Both Defendants claim summary judgment should be granted because there was no inaccuracy in Plaintiff's credit report.  The Court declines to grant summary judgment on these grounds.  There are disputed questions of material fact surrounding whether an agreement to waive rent was reached between Plaintiff and Marmion Partners in exchange for consolidation and the nature of such agreement.  Even if a stipulation was not reached, there is at least a question of fact whether the unlawful detainer court's order reflected an acquiescence by Marmion Partners to waive rent in exchange for consolidation.  In any event, there was some impetus for the unlawful detainer court's order and the parties dispute the necessary background facts.

This conclusion essentially ends the inquiry for Fidelity.  If Marmion Partners had agreed to waive rent as is seemingly memorialized in the unlawful detainer court's order, Fidelity certainly would have been responsible for verifying with its client Plaintiff's claim to that effect.  To the degree that a reasonable jury could find that Marmion Partners had agreed to waive rent, a reasonable jury could also find that Fidelity did not adequately investigate the alleged debt.

Experian's situation is more complex.  Experian was faced with an arguably ambiguous court document and two parties who claimed different things about the debt at issue.  Citing Carvalho

v. Equifax Info. Servs., LLC, 629 F.3d 876 (9th Cir. 2010), Experian argues that it is not a tribunal and was not required to resolve a collateral attack on the legal validity of Plaintiff's debt. This is unpersuasive because Plaintiff's position is not a collateral attack based on a legal defense that has not been adjudicated by a court. Plaintiff claims that Marmion Partners agreed to waive rent and that a court incorporated that agreement into a written order. This case is controlled, if at all, not by Carvalho, but instead by Dennis v. BEH-1, LLC, 520 F.3d 1066, 1070 (9th Cir. 2008).[4] Dennis places a clear responsibility on a credit reporting agency to interpret legal documents issued by a court, at least if they are clear. See, e.g., id. at 1071 ("This case illustrates how important it is for Experian, a company that traffics in the reputations of ordinary people, to train its employees to understand the legal significance of the documents they rely on."). In the alternative, the dispute could be viewed as a factual one wherein Plaintiff argues that Marmion Partners agreed to waive rent and Fidelity denies that fact. The dispute is not obviously an unadjudicated legal dispute where Experian would have acted as a "tribunal" to resolve it. A jury may yet find that Experian acted reasonably in its reinvestigation given the arguably ambiguous nature of the unlawful detainer court's order, but that is not an issue this Court can decide as a matter of law.

The motions for summary judgment are DENIED.

IT IS SO ORDERED.

Date: May 6, 2019

Dale S. Fischer
United States District Judge

---

[4] This case appears to fall somewhere between the two.