Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Avenue, Suite D
Montrose, CA 91020
Tel.: (818) 249-5291
Fax: (818) 249-4329
Email: rbrennan@brennanlaw.com

Attorney for Plaintiff
HANNAH WEINSTEIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH WEINSTEIN, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> EQUIFAX INFORMATION SERIVCES LLC, a business entity; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; FIDELITY CAPITAL HOLDINGS, INC., a business entity, form unknown; and DOES 1-10, Inclusive, <br><br> Defendants. | Case No. 2:17-cv-08704-DSF-JEM <br> Hon. Dale S. Fischer <br><br> **PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO ATTORNEY'S FEES** <br><br> Final Pretrial Conf.: July 8, 2019 <br> Time: 3:00 p.m. <br> Courtroom: 7D <br><br> Trial Date: August 6, 2019 |

**TO THE COURT, DEFENDANT FIDELITY CAPITAL HOLDINGS, INC., AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 8, 2019, at 3:00 p.m. or as soon thereafter as the parties may be heard, in Courtroom 7D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Hannah Weinstein will and hereby does move this Court in limine for an Order precluding Defendant Fidelity Capital Holdings, Inc., its attorneys and witnesses from offering into evidence or referring at trial to any issues of attorney's fees in connection with this case.

This motion is made pursuant to Fed. R. Evid. 104 and 401 – 403, on the grounds that such testimony or statements would be irrelevant, would create substantial danger of unfair prejudice, of confusion of the issues, of misleading the jury, and would cause an undue waste of time.

This motion is made after meeting and conferring with Defendant's counsel pursuant to L.R. 7-3, which took place by email from June 13, 2019 to the date of filing of the motion.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and all pleadings and records on file in this action.

Respectfully submitted,

Dated: June 17, 2019      **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

By:   */s/ Robert F. Brennan*

Robert F. Brennan
Attorney for Plaintiff
HANNAH WEINSTEIN

1

PLAINTIFF'S MOTION IN LIMINE NO. 1 RE ATTORNEY'S FEES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Hannah Weinstein moves to preclude Defendant Fidelity Capital Holdings, Inc. ("Fidelity"), its attorneys and witnesses from offering into evidence or referring at trial to any issues of attorney's fees in connection with this case. Any reference to attorney's fees would be irrelevant to the issues in this case and would create a substantial danger of unfair prejudice, of confusion of the issues, of misleading the jury, and would cause an undue waste of time. Accordingly, a broad order is necessary to exclude all references to attorney's fees. For the reasons set forth herein, Plaintiff's motion to exclude reference at trial to attorney's fees should be granted.

## II. STATEMENT OF FACTS

This action arises out of wrongful credit reporting by Fidelity of a disputed debt billed to Ms. Weinstein which she did not owe. Ms. Weinstein's Complaint states two causes of action, which remain against Fidelity: First Cause of Action for violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; Second, for violation of the California Consumer Credit Reporting Agencies Act, *Civil Code* § 1785.1 et seq.

## III. ARGUMENT

### A. THE ISSUE OF ATTORNEY'S FEES IS A MATTER OF LAW IN THIS CASE, AND THERE EXISTS NO REASON TO PUT THE ISSUE BEFORE THE JURY.

Fidelity may attempt to make reference at trial to attorney's fees. Defendant may attempt to improperly prejudice Plaintiff's case before the jury by falsely suggesting that Plaintiff's attorney's fees have gotten in the way of proposed settlements, that a desire on the part of Plaintiff's attorney to generate attorney's fees

is motivating the case, or that Plaintiff had incurred attorney's fees unnecessarily. All of these issues are properly decided by the Court in post-trial motions in the event of a Plaintiff's verdict.

The award of attorney's fees is an issue of law. It is for the judge to determine the amount of reasonable attorney's fees, costs and expenses upon application by Plaintiff after trial. There is no reason to put any aspect of the legal issue of attorney's fees and costs before the jury.

It is not precisely known how Defendant may attempt to weave the issue of attorney's fees into the case at trial. Any innuendoes by Defendant to attorney's fees would be irrelevant, would have no basis in fact and would create a substantial danger of undue prejudice, confusion of the issues, and would be misleading to the jury. Inquiring into such issues would also constitute a waste of time. Defendant's only purpose in raising an issue of attorney's fees would be in an attempt to prejudice Plaintiff in the eyes of the jury and to distract the jury from the primary issue in this case, Defendant's liability.

Further, if Defendant is permitted to raise the issue, then this would open the door for Plaintiff's counsel to inquire about Defendant's attorney's fees, whether they have been reasonable, whether Defendant has "pumped the file" and prevented resolution of the case, etc. In other words, permitting the issue of attorney's fees to come before the jury would create a mini-trial on that issue which would likely be more ferociously fought than the trial on the real issues in this matter.

Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Any reference to attorney's fees would be irrelevant to the issues in this case and would create a substantial danger of undue prejudice, confusion of the issues, would be misleading to the jury, and would constitute a waste of time. Accordingly, a broad order is necessary to exclude all references to Plaintiff's attorney's fees by Defendant, its attorneys and witnesses.

///

## IV. CONCLUSION

Plaintiff's present motion to exclude reference at trial to Plaintiff's attorney's fees should be granted.

Respectfully, submitted,

Dated: June 17, 2019     **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

By:    */s/ Robert F. Brennan*

Robert F. Brennan
Attorney for Plaintiff
HANNAH WEINSTEIN