Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Avenue, Suite D
Montrose, CA 91020
Tel.: (818) 249-5291
Fax: (818) 249-4329
Email: rbrennan@brennanlaw.com

Attorney for Plaintiff
HANNAH WEINSTEIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH WEINSTEIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERIVCES LLC, a business entity; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; FIDELITY CAPITAL HOLDINGS, INC., a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:17-cv-08704-DSF-JEM<br>Hon. Dale S. Fischer<br><br>**DECLARATION OF ROBERT F. BRENNAN IN OPPOSITION TO EXPERIAN'S EX PARTE MOTION TO ISSUE A GAG ORDER ON THE NICOLE MELIO DEPOSITION.**<br><br>No hearing date set. |

DECLARATION OF ROBERT F. BRENNAN IN OPPO TO EXPERIAN EX PARTE

I, ROBERT F. BRENNAN, declare:

1. I am plaintiff's counsel in this matter and if called upon to testify to the matters set forth in this declaration, I could do so truthfully and competently from personal knowledge.

**The Court has Already Ruled that the So-Called Confidential Portions of the Melio Deposition Are Not Confidential.**

2. On April 25, 2019, the court issued Document #75, "Order DENYING Application to Seal." The court ruled, among other things, that Experian's application to seal was "meritless". The court's order contemplated that Experian may suffer "bad publicity" because its application to seal was being denied. (Document #75, p. 1.) The court's order concerned the Experian policy pages regarding handling of court documents and any related documents in the court record.

**Plaintiff's Counsel Followed a Court-Mandated Procedure In Opposing Experian's Efforts to Seal Its Documents**

3. Experian's motion focuses on the procedures for challenging confidential documents in the protective order. Experian's motion neglects discussion of the court's standing order, p. 6, which specified a procedure for challenging the sealing of confidentially-designated documents in opposition to a summary judgment motion. (Document #16, p. 6:8-12) Plaintiff's counsel followed that procedure and Experian did not.

4. The court issued an OSC re sanctions against plaintiff's counsel for filing Experian's so-called confidential documents without sealing them. Plaintiff filed a response to the OSC on April 16, 2019, in which I detailed my compliance with, and Experian's neglect of, the court's standing order

1

regarding filing the sealed documents. (Document #68, #68-1 through #68-9) On April 25, 2019, the court discharged the OSC without comment. (Document #72)

5. **The First Basis for Gagging the Melio Deposition is the Discussion in the Melio Deposition of the Experian Policy Manual pages that address handling of court documents. The court has already ruled that Experian's efforts to seal these documents and deposition excerpts is "meritless".** Court Document #75.

6. **The Second Basis for Gagging the Melio Deposition is a Fleeting Reference to the Experian Admin Report and D/R Log. In the Melio Deposition, there is only a passing reference to these documents and no contents of the Admin Report or the D/R Log is revealed or discussed:** Experian seeks to have the entire Melio deposition gagged, in part, because of a very brief reference to two documents marked as confidential by Experian: the Admin Report and the Dispute Log. The reference can be found on pp. 59 and 60 of the Melio deposition. (Ex. 1) Here is the entire excerpt dealing with the Admin Report and the D/R Log (Mr. Alcade was the local attorney in Chile representing the witness at her deposition):

```
p. 59
22 Now, if you would, I'd like you to take a look
23 at what's called the DR log, which, in this case, is
24 Experian Page No. 94. I sent, to Juan, a series of
25 pages, pages 93 through 99.

p. 60
1 MR. BRENNAN: Juan do you have Pages 93 to 99?
2 MR. ALCALDE: Yes.
3 MR. BRENNAN: Okay. I'll mark that as Exhibit
4 No. 7. So I'm remarking Exhibit No. 7.
```

```
 5 MR. ALCALDE: Okay.
 6 MR. BRENNAN: Okay.
 7 (Plaintiff's Exhibit 7 was marked for
 8 identification by the Court Reporter,
 9 and a copy is attached hereto.)
10 BY MR. BRENNAN:
11 Q. Okay. Ms. Melio, if you would, take a look at
12 Page No. 94, which is called the "DR Log."
13 Do you recognize this DR log?
14 A. No.
15 Q. Do you recognize the type of document it is?
16 A. The what?
17 Q. Do you recognize the form of document or the
18 type of document?
19 A. I recognize the DR log.
20 Q. Okay. On this DR log, does it indicate that
21 Paragraph 169 was ever sent to Ms. Weinstein?
22 A. No.
```

[end of excerpt. Note: "paragraph 169" refers to a paragraph which Experian sends to consumers when it deems a consumer's dispute documents insufficient. Experian has never claimed that paragraph 169 is confidential.]

7. In the video of the deposition, Ms. Melio does not hold up the DR log to the screen. She and Mr. Alcade look at, she answers the question and then she puts it aside. That is all. The so-called confidential contents are never shown to the camera. I will provide the court with a copy of the video upon request.

8. So, the sum total of the reference to the Admin Report and the D/R Log in the Melio deposition is one question about whether the D/R Log reflects whether paragraph 169 was sent to Ms. Weinstein. That is all. This is not confidential information.

9. I should note that Experian's Admin Reports and D/R Logs have already been discussed extensively on the internet in other cases since as far back as 2005. See http://www.myfaircredit.com/forum/viewforum.php?f=45. These documents are, in essence, nothing more than Experian's internal spreadsheets

for each consumer's credit report (Admin Report) and the record of a consumer's disputes with Experian (D/R Log, or dispute log). While the issue was not litigated in this case, it is doubtful that these documents meet the necessary threshold of "confidential" documents.

10. Finally, there is no reference to the Admin Report or the D/R Log in the press release which Experian has challenged.

**Pending the Outcome of this Ex Parte Application, I have taken down the video from YouTube, Facebook and my blog. The press release has stopped running.**

11. I strongly believe that I was well within my rights to publish the video deposition on my Facebook and YouTube pages after the court denied Experian's application to seal. I did not publish any of the Melio deposition or the Experian policy manual until after the court issued Document #75. However, in an abundance of caution, I have taken down the video from my blog, from my Facebook and from YouTube, pending resolution of this application. I also deleted it from my LinkedIn page.

Executed this 21st day of June, 2019 at Montrose, California. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

*/s/ Robert F. Brennan*